**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| JESSICA O'DONNELL, | : | CASE NO. 3:19-cv-00165 |
| | : | |
| Plaintiff, | : | JUDGE ROSE |
| | : | |
| v. | : | |
| | : | **DEFENDANTS' ANSWER TO** |
| BASIL'S ON MARKET LLC, *et al.*, | : | **PLAINTIFF'S COMPLAINT FOR** |
| | : | **DAMAGES AND INJUNCTIVE RELIEF** |
| Defendants. | : | |

Now come Defendants Basil's on Market LLC, Basil's on Market 2 LLC, and Basil's on Market 3 LLC ("Defendants"), by and through counsel, and for their Answer to Plaintiff Jessica O'Donnell's Complaint for Damages and Injunctive Relief ("Complaint"), state as follows:

<u>**PARTIES**</u>

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore deny the same.

2.      Defendants admit that Basil's on Market LLC is an Ohio Limited Liability Company but otherwise deny the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      Defendants admit the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit that Basil's on Market 3 LLC is an Ohio Limited Liability Company but otherwise deny the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.      Paragraph 5 of Plaintiff's Complaint sets forth allegations to which no response is required.  To the extent a response is required, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore deny the same.

## JURISDICTION AND VENUE

6.      Paragraph 6 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over claims arising under federal law.  Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint, and therefore deny the same.

7.      Paragraph 7 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore deny the same.

8.      Paragraph 8 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore deny the same.

9.      Paragraph 9 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint, and therefore deny the same.

## FACTS

10.     Defendants admit that Plaintiff is a former employee of Basil's on Market 2 LLC. Further answering, Defendants deny the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit that Plaintiff was employed by Basil's on Market 2 LLC as a server in or around August 2016.  Further answering, Defendants deny the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint, and therefore deny the same.

13.     Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants.  Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint, and therefore deny the same.

19.     Defendants deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations set forth in Paragraph 20 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants.  Further answering, Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of Plaintiff's Complaint, and therefore deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

22.     Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants.  Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23.     Defendants deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants.  Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint, and therefore deny the same.

24.     Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants.  Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint, and therefore deny the same.

25.     Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint, and therefore deny the same.

27.     Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants admit that Basil's on Market 2 LLC did not offer Plaintiff reemployment but otherwise deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

## COUNT I: FLSA VIOLATION

31.     All allegations incorporated by reference in Paragraph 31 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

32.     Paragraph 32 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33.     Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

## COUNT II: FLSA RETALIATION

36.     All allegations incorporated by reference in Paragraph 36 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

37.     Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Defendants.  Further answering, Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of Plaintiff's Complaint, and therefore deny the same.

38.     Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

## COUNT III: GENDER DISCRIMINATION IN VIOLATION OF OH. REV. CODE 4112

43.     All allegations incorporated by reference in Paragraph 43 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45.     Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants specifically deny all other allegations set forth in Plaintiff's Complaint that are not otherwise specifically admitted or denied herein.

## **AFFIRMATIVE DEFENSES**

1.      Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

2.      Defendants affirmatively allege, in the alternative, that one or more of the claims alleged in Plaintiff's Complaint may be barred by the statute of limitations.

3.      Defendants affirmatively allege, in the alternative, that Plaintiff may not have standing to bring one or more of the claims alleged in the Complaint.

4.      Defendants affirmatively allege, in the alternative, that Plaintiff may have failed to join all parties proper, necessary, and indispensable for a just adjudication of the captioned matter.

5.      Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint may be barred by the doctrines of res judicata, collateral estoppel, laches, waiver, and/or unclean hands.

6.      Defendants affirmatively allege, in the alternative, that Plaintiff may have failed to mitigate her damages, if any.

7.      Defendants affirmatively allege, in the alternative, that Plaintiff has suffered no compensable damages as a result of the actions of Defendants.

8.      Defendants affirmatively alleges, in the alternative, that, at all times, Defendants acted reasonably, lawfully, and in good faith.

9.      Defendants affirmatively allege, in the alternative, that if they performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

10. Defendants affirmatively allege, in the alternative, that Plaintiff voluntarily resigned her employment with Basil's on Market 2 LLC.

11. Defendants affirmatively allege, in the alternative, that if Plaintiff was injured or damaged, any and all such injury or damage was caused by the sole actions of Plaintiff.

12. Defendants affirmatively allege, in the alternative, that Plaintiff's damages, if any, may be subject to setoff.

13. Defendants affirmatively alleges, in the alternative, that they had legitimate, non-retaliatory and non-discriminatory business reasons for any and all actions taken by them.

14. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint may be barred for failure to exhaust administrative remedies.

15. Defendants state that if in fact Defendants performed any wrongful acts, which are specifically denied, any alleged act or omission by them was done in good faith, and Defendants had reasonable grounds for believing that their conduct did not violate any federal or state statutory provisions.

16. Defendants state that they acted in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor.

17. Defendants invoke all defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

18. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

19. Plaintiff's claims may be barred to the extent Plaintiff seeks recovery for time that is not compensable time under the FLSA.

20. Plaintiff's claims may be barred by payment in that Plaintiff received all compensation to which she is entitled under the FLSA.

21. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Ohio and/or United States Constitutions.

22. Defendants respectfully reserve the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Defendants request that this Honorable Court dismiss Plaintiff's Complaint with an order that Defendants' attorneys' fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/David B. Shaver*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
David B. Shaver (0085101)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
dshaver@sdtlawyers.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served on this 31st day of July, 2019, via the Court Clerk's CM/ECF system which will provide notice to all counsel of record.


*/s/David B. Shaver*_____
David B. Shaver (0085101)